UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDELL VIRGIES,

        Petitioner,                                  Case Number: 2:23-cv-12768
                                                                Honorable Sean F. Cox

v.

MATT MACAULEY,

        Respondent.
_____/

**<u>ORDER (1) GRANTING PETITIONER'S REQUEST TO STAY AND HOLD HABEAS PETITION IN ABEYANCE, (2) STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND (3) ADMINISTRATIVELY CLOSING CASE</u>**

Petitioner Cedell Virgies is a Michigan prisoner presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. On October 25, 2023, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner simultaneously requested that this Court to stay the case and hold the petition in abeyance while he exhausts his unexhausted claims in the state courts. The Court now finds that the request for a stay is lawful and should be granted. The Court will hold the petition in abeyance and stay the proceedings under the terms outlined below in the opinion to permit Petitioner to complete his post-conviction proceedings in the state court courts. The Court will also administratively close the case.

**I.    Background**

In June 2019, Petitioner was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b following a jury trial in Saginaw County, Michigan circuit court. The trial court sentenced him to life imprisonment, without the possibility of

parole, for murder and to two years in prison for felony-firearm. Petitioner appealed his convictions to the Michigan Court of Appeals. He raised claims concerning great weight and sufficiency of the evidence, prosecutorial error, ineffective assistance of trial counsel, evidentiary error, newly discovered evidence, and actual innocence. On direct appeal, the Michigan Court of Appeals affirmed his convictions and sentence. *People v. Virgies,* No. 350475, 2021 WL 5973064, at *14 (Mich. Ct. App. Dec. 16, 2021) and the Michigan Supreme Court denied leave to appeal on July 28, 2022. *People v. Virgies*, 977 N.W.2d 545 (Mich. 2022).

Petitioner then filed this instant habeas petition raising the following claims: (1) the prosecution withheld phone records that could have proven his innocence, (2) the prosecution argued facts not in evidence, (3) defense counsel provided ineffective assistance at the preliminary examination, (4) the trial court abused its discretion by not ruling on a sequestration order, (5) the trial court abused its discretion by refusing to allow sufficient questioning to uncover potential bias, (6) the prosecution offered perjured witness testimony, and (7) trial counsel was ineffective for failing to interview and investigate witnesses. (ECF No. 1, PageID.3.) By his own admission, Petitioner's claims have yet to be exhausted because his appellate counsel failed to raise the issues on Petitioner's appeal of right. (*Id*. at PageID.5.) He moves to stay this habeas matter while he returns to state court to exhaust his state-court remedies.

## II.   Discussion

The instant petition is subject to dismissal because Petitioner, by his own admission, has failed to exhaust his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)

and (c). *See Picard v. Connor*, 404 U.S. 270, 275–278 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id*. Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's habeas application is subject to dismissal because none of his claims was exhausted on his appeal of right. However, the Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good

3

cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. 269, 278 (2005).

Petitioner's claims do not appear to be "plainly meritless." *Wagner*, 581 F. 3d at 419. Further, Petitioner asserts that he did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id*. at 419, n.4. Petitioner also has good cause for failing to raise his ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). It does not appear that Petitioner has engaged in "intentionally dilatory tactics." Lastly, the mere fact that all of Petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance. *See Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must file a motion for relief from judgment in the state trial court within 60 days of the date of this order. Further, Petitioner must ask this Court to lift the stay within 60 days of exhausting his state court remedies. *Id*. If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed. *Palmer*, 276 F.3d at 781.

Finally, while the case is pending resolution in State court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many

4

months while Petitioner pursues his claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Petitioner may move to reopen the case after exhausting all claims in State court.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's request to hold his habeas petition in abeyance while he pursues possible state-court remedies is **GRANTED**. This stay is conditioned upon Petitioner filing a motion for relief from judgment in the state trial court within 60 days of the date of this order, and then, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Petitioner's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies.

If Petitioner fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed

as an adjudication of any of Petitioner's claims.  *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: March 6, 2024                                                      s/Sean F. Cox
                                                                          Sean F. Cox
                                                                          U. S. District Judge